1
2
3

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

4
5
6
7
8
9
10

| | |
|---|---|
| ANNA POPLASKY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| CAINE & WEINER COMPANY, | ) COMPLAINT AND DEMAND FOR |
| L.L.C., | ) JURY TRIAL |
| | ) |
| Defendant | ) (Unlawful Debt Collection Practices) |

11
12

## COMPLAINT

13

    ANNA POPLASKY ("Plaintiff"), by and through her attorneys, KIMMEL

14

& SILVERMAN, P.C., allege the following against CAINE & WEINER

15

COMPANY, L.L.C. ("Defendant"):

16
17

## INTRODUCTION

18

    1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices

19

Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

20
21

## JURISDICTION AND VENUE

22

    2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d),

23

which states that such actions may be brought and heard before "any appropriate

24

United States district court without regard to the amount in controversy," and 28

25

PLAINTIFF'S COMPLAINT

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.    Plaintiff is a natural person residing in Cambridge, Massachusetts 02139.

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.    Defendant is a debt collection company with an office located at 338 Harris Hill Road, Suite 206, Buffalo, New York 14221, and its principal place of business located at 21210 Erwin Street, Woodland Hills, California 91367.

8.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.    At all relevant times, Defendant was attempting to collect an alleged

consumer debt from Plaintiff.

11.    The alleged debt Defendant was attempting to collect, a medical bill from Dynasplint Systems, Inc., arose out of transactions, which were primarily for personal, family, or household purposes.

12.    On or about October 6, 2014, Defendant sent written correspondence to Plaintiff seeking and demanding payment of the alleged debt.  See Exhibit A, Defendant's October 6, 2014, letter.

13.    The October 6, 2014, letter was Defendant's initial correspondence to Plaintiff.

14.    In its letter, Defendant offered to settle the allege debt, but that the agreement was predicated upon "receipt of funds via check over the phone, bank card over the phone, or overnight express no later than 10.20.14." See Exhibit A.

15.    Upon receiving this letter, a consumer would believe that if they did not pay by the deadline, they would not have a later chance to settle for less than the full amount.

16.    In fact, Defendant's letter claim, "failure to remit payment by the date stipulated above could result in recision (sic) of this agreement." See Exhibit A.

17.    Defendant's demands for payment overshadowed Plaintiff's rights to dispute the debt and/or request verification, which were placed on the back of the letter.

PLAINTIFF'S COMPLAINT

18.     In addition, beginning in or around October 2014, Defendant repeatedly called Plaintiff's cellular telephone in its attempts to collect the alleged debt.

19.     Desiring to stop the repeated collection calls, on or about October 16, 2014, Plaintiff called Defendant and told them to stop calling her.

20.     Defendant's collector, an individual who identified himself as Clay Small, claimed that Defendant would notify the creditor that Plaintiff was taking an "adversarial approach" and would "not cooperate."

21.     Such statements were false, as Plaintiff was solely asking Defendant to cease calling her cellular telephone.

22.     Further, Mr. Small claimed that my requesting that the collection calls be stopped, that Defendant was withdrawing its offer from the October 6, 2014, letter to delete its trade lines from Plaintiff's credit report.

23.     Defendant made this statement to unfairly pressure Plaintiff into making payment.

24.     In fact, Plaintiff made a payment of $60.00 towards the alleged debt; therefore, she was attempting to resolve this matter cooperatively.

25.     Defendant's actions as described herein were made with the intent to harass, abuse, deceive, and act unfairly towards Plaintiffs.

PLAINTIFF'S COMPLAINT

1

2

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

3

## COUNT I

4

26.     Defendant's conduct, as detailed in the preceding paragraphs, violated

5

15 U.S.C. § 1692d.

6

7        a.     A debt collector violates § 1692d of the FDCPA by engaging in

8               conduct the natural consequence of which is to harass, oppress,

9               or abuse any person in connection with the collection of a debt.

10

11       b.     Here, Defendant violated § 1692d of the FDCPA by describing

12              Plaintiff as being adversarial and uncooperative when she had

13              solely contacted them to request that they stop calling her

14              cellular telephone.

15

## COUNT II

16

17       27.     Defendant's conduct, as detailed in the preceding paragraphs, violated

18       15 U.S.C. §§ 1692e and 1692e(10).

19

20       a.     A debt collector violates § 1692e of the FDCPA by using any

21              false, deceptive, or misleading representation or means in

22              connection with the collection of any debt.

23

24       b.     Section 1692e(10) of the FDCPA prohibits debt collectors from

25              using any false representations or deceptive means to collect or

PLAINTIFF'S COMPLAINT

attempt to collect any debt or to obtain information concerning a consumer.

c.  Here, Defendant violated §§ 1692e and 1692e(10) of the FDCPA by falsely claiming that Plaintiff was being uncooperative and adversarial and that they would report this to the creditor.

## COUNT V

28.  Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

a.  A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b.  Here, Defendant violated § 1692f of the FDCPA by unfairly pressuring Plaintiff for payment by claiming that it would withdraw its settlement offer when she called into its office.

## COUNT VI

28.  Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692g(a) and 1692g(b).

a.  A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial

- 6 -

communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. A debt collector violates § 1692g(b) of the FDCPA by engaging in collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request

- 7 -

the name and address of the original creditor.

    c.    Here, Defendant violated §§ 1692g(a) and 1692g(b) of the FDCPA by overshadowing notice of Plaintiff's rights with its demands for payment.

WHEREFORE, Plaintiff, ANNA POPLASKY, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANNA POPLASKY, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

Date:  June 5, 2015                    By:  */s/ Craig Thor Kimmel*_____
                                              Craig Thor Kimmel
                                              BBO# 662924
                                              Kimmel & Silverman, P.C.
                                              30 E. Butler Pike
                                              Ambler, PA 19002
                                              Phone: (215) 540-8888
                                              Fax: 877-788-2864
                                              Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT